IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCUS PUGH, JR.**                                                                          **PLAINTIFF**

v.    Case No. 4:20-cv-00373-KGB

**YOHON BRUNSON,** *et al.*                                                 **DEFENDANTS**

**ORDER**

Plaintiff Marcus Pugh, Jr., who is currently an inmate at the W.C. Dub Brassell Adult Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 3, 2020, naming as defendants Jefferson County Sheriff's Office Captain Yohon Brunson, Sergeant Muselwhite, Officer Oneal, and Officer Green in their personal and official capacities (Dkt. No. 6, at 1-2). Mr. Pugh was granted *in forma pauperis* status on April 20, 2020 (Dkt. No. 5).

**I.  Background**

Mr. Pugh explains that he was at a house visiting his son when a search warrant was executed at the home (Dkt. No. 6 at 4-5). According to Mr. Pugh, the warrant was in the name of Justin Wainwright, who was already in custody (*Id.*). Nonetheless, Mr. Pugh was handcuffed; he alleges that there was no reason for the officers to do so (*Id.* at 4-5). Then, during the search, guns were found in the house (*Id.* at 5). Mr. Pugh was charged with a criminal offense in connection with the guns, but Mr. Pugh claims that the guns are not his—he claims that they belong to his brother (*Id.* at 5-6, 8). Mr. Pugh asks that the charges against him be dropped and seeks damages, among other relief (*Id.* at 7).

**II.  Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Discussion

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state

interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id.* at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012); *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010). If these three elements are satisfied, the court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id.* at 779 (internal citation omitted).

The public docket confirms that state criminal proceedings against Mr. Pugh are ongoing in Jefferson County, Arkansas. *State v. Pugh*, 35CR-20-146.[1] The public docket reflects that Mr. Pugh has been charged with possession of firearm by certain persons, a violation of Ark. Code Ann. § 5-73-103. Arkansas clearly has an important interest in enforcing its criminal laws, and Mr. Pugh is able to raise any constitutional claims during his state proceedings. Further, Mr. Pugh does not allege, and his complaint does not otherwise indicate, extraordinary circumstances that would warrant federal intervention in the on-going state-court proceedings. Accordingly, *Younger* abstention is appropriate. When a plaintiff seeks damages, as Mr. Pugh does in this action, his case should be stayed under *Younger* rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998). Further, Mr. Pugh's claims relate to rulings that "will likely be made in a pending or anticipated criminal trial," which likewise

---

[1] Information available to the public at:
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=35CR-20-146&begin_date=&end_date=

3

warrants a stay of these civil proceedings. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). ("it is within the power or the district court, and in accordance with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")

Accordingly, Mr. Pugh's case should be stayed and administratively terminated until the criminal charges against him have been fully resolved, including any appeal.

### IV.    Conclusion

It is therefore ordered that:

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Mr. Pugh's criminal charges.

2. This case is subject to reopening upon Mr. Pugh's filing of a motion to reopen the case after such final disposition of his criminal charges.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 25th day of January, 2021.

_____
Kristine G. Baker
United States District Judge